UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES A RASCO | CIVIL ACTION NO. 5:17-CV-01137 |
| VERSUS | JUDGE FOOTE |
| BOSSIER CASINO VENTURE INC, ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Charles A. Rasco ("Plaintiff") filed suit in state court against Margaritaville Resort Casino and three of its employees. He complained that he was mistreated while playing poker at the casino and was evicted from the premises without cause. Defendants removed the case based on an assertion of federal question jurisdiction and promptly filed a motion to dismiss for failure to state a claim on which relief may be granted. Plaintiff responded by seeking to amend his complaint to strip any federal law claims, in what appears to be an effort to obtain remand. For the reasons that follow, it is recommended that the court remand this case for lack of subject matter jurisdiction. In the alternative, the court should allow Plaintiff to dismiss the purported federal claims and then decline to exercise supplemental jurisdiction over the state law claims.

### Procedural History

Plaintiff's state court petition alleged that he is an African American male who has reached the status of a high-level player at the Margaritaville Casino. He was playing

Mississippi Stud when the dealer repeatedly turned over Plaintiff's cards, after being requested not to, but did not turn over the cards of any other players, particularly the white players. Petition, ¶¶ 2-4. The dealer was removed from the table and replaced. ¶ 6.

Plaintiff left the casino to attend a function for his granddaughter, but he returned that afternoon for more Mississippi Stud. The dealer again began "practicing a discriminatory practice" against Plaintiff "by flipping over his cards when requested not to while not flipping over anyone else's cards." ¶¶ 7-9. Plaintiff added that he believes there may have been an improper relationship between the pit boss and the dealer. ¶ 10.

Plaintiff began to lose a substantial amount of money, and he was then approached and informed that the casino no longer needed his business. ¶ 11. Plaintiff "feels that he has been discriminated against solely due to his skin color and shows that such activity is prohibited and should render the defendant liable for its actions." ¶ 12. Plaintiff claims that he was "wrongfully evicted" and caused to suffer "great embarrassment and shame" that has caused nightmares. ¶ 13. He also complains that he has been stripped of his "Islander" status and the comps and benefits that flowed from that status. The loss of status also caused him humiliation and public embarrassment. ¶¶ 14-16. Plaintiff asserts that he has been "deprived from (sic) due process of law and had a taking without compensation" when he was removed from the casino and had his player status taken. ¶ 17.

Defendants removed the case based solely on an assertion of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Their notice of removal contends that Plaintiff's claims arise under Title II of the Civil Rights Act of 1964, which prohibits a place of public accommodation from discriminating against a person on the grounds of race. Defendants

contend that the court may exercise supplemental jurisdiction over any state law claims asserted in the petition. The notice does not invoke diversity jurisdiction or any other basis for removal.

Defendants promptly filed a motion to dismiss pursuant to Rule 12(b)(6) and argued that any claim under the Civil Rights Act must be dismissed because (1) Plaintiff seeks monetary damages that are not available under the Act, (2) Plaintiff did not provide pre-suit notice to a Louisiana anti-discrimination agency, and (3) the claims do not contain sufficient factual allegations under <u>Twombly</u>. Defendants acknowledged that Louisiana law also prohibits places of public accommodation from discriminating based on race. La. Con. Art. 1, § 12, La. R.S. 49:146 and 51:2247. They argue that any such state law claims should be dismissed for lack of adequately specific allegations and because the Louisiana Gaming Control Board has all authority to regulate gaming activities and operations, which would deprive Louisiana courts of subject matter jurisdiction over the claims.

Plaintiff has not filed any formal opposition to the motion to dismiss. He first responded by filing a Motion to Dismiss (Doc. 16) that asked the court to grant a voluntary dismissal without prejudice under Fed. R. Civ. Pro. 41. The motion and accompanying memorandum are each two sentences long. Neither gives much explanation for what Plaintiff is attempting to achieve, but Plaintiff does state that he does not intend to refile his petition in this court.

Somewhat inconsistent with the request for dismissal, Plaintiff filed a few days later a Motion to Amend Complaint (Docs. 17 and 18) in which he states that he wishes to "remove the grounds for dismissal and to properly frame his complaint in response to the

defendants' 12(b)(6) motion to dismiss." The proposed amended complaint would remove all references to race or other forms of discrimination that might support a federal claim, and the memorandum in support states that Plaintiff wants to amend to set forth a claim for torts and "not civil rights damages." Plaintiff notes that defendants removed the case based on an assertion of federal question jurisdiction but then claimed that there was not a properly alleged federal claim, which Plaintiff says means the case should not have been removed in the first place. It appears that Plaintiff is trying to achieve a return to state court, whether by remand or dismissal and the filing of a new suit.

**Subject Matter Jurisdiction**

The initial question is whether the original petition asserted a federal claim that would justify removal and provide this court subject matter jurisdiction. A lack of subject matter jurisdiction may be raised at any time, and the court must examine the issue *sua sponte* if it appears questionable. Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 336 (5th Cir. 1999); Deaville v. Capital One Bank, 425 F. Supp. 2d 744, 756 (W.D. La. 2006). In a removed case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of this "arising under" or "federal question" jurisdiction is governed by the well-pleaded complaint rule. Caterpillar, Inc. v. Williams, 107 S.Ct. 2425, 2429 (1987). "Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction

unless a federal question appears on the face of the plaintiff's well-pleaded complaint." Elam v. Kan. City S. Ry. Co., 635 F.3d 796, 803 (5th Cir. 2011).

A federal question may arise from a state law claim where (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial. Howery v. Allstate Ins. Co., 243 F.3d 912, 917 (5th Cir. 2001). Still, there is no federal question jurisdiction if the plaintiff properly pleads only a state law cause of action. Elam, 635 F.3d at 803. And "[a] plaintiff is the master of his complaint and may allege only state law causes of action, even when federal remedies might also exist." Id.; Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 535 (5th Cir. 2017).

Plaintiff's original petition did not specifically invoke *any* federal laws. Defendants characterized the petition as invoking a claim of public accommodation discrimination under a federal Civil Rights Act, but Plaintiff's pleading did not make any reference to the Civil Rights Act or even use the words public accommodation. The fact that Defendants could construe the petition as perhaps invoking a claim under the Civil Rights Act—albeit a claim they argue is meritless on its face—does not satisfy the well-pleaded complaint rule.

There was a greater hint of a federal claim in a state court petition that alleged the defendant police officers violated "civil and constitutional rights" and "acted under color of law," but the Fifth Circuit held that the petition did not plead a federal claim that would trigger removal. Cevallos v. Silva, 541 Fed. Appx. 390, 393 (5th Cir. 2013). Similarly, a state-court plaintiff's generic references to "excessive force" and a city's failure to

supervise were too ambiguous to allege a federal question in Quinn v. Guerrero, 863 F.3d 353, 359 (5th Cir. 2017).  See also Stinson v. Scoggins, 2008 WL 631204, *3 (W.D. La. 2008) (vague references to deprivation of "civil rights and liberties" and "unlawful detention" were insufficient; such rights are also protected by state law).

A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 107 S.Ct. at 2429.  And "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced."  Merrell Dow Pharm. Inc. v. Thompson, 106 S. Ct. 3229, 3233 n.6 (1986).  These rules apply even when a federal cause of action might be available.  MSOF Corp. v. Exxon Corp., 295 F.3d 485, 490 (5th Cir. 2002) (allegations and prayer consistent with CERCLA claim did not support removal when CERCLA not specifically invoked and state law provided a cause of action); Stinson v. Scoggins, 2008 WL 631204, at *3 ("federal question jurisdiction is not present merely because a federal law claim, such as 42 U.S.C. § 1983, that was not pleaded by the plaintiff may be available to him."); and F.W. Myers & Co., Inc. v. World Projects International, 903 F. Supp. 353, 356 (N.D. N.Y. 1995) (no removal jurisdiction if facts alleged would support a claim under federal or state trademark law but plaintiff did not make express invocation of federal law).

Plaintiff's generic allegations about race discrimination, without invocation of any particular federal claim, were not sufficient to assert a claim that would allow removal. Defendants admit that Louisiana law prohibits places of public accommodation from discriminating based on race.  They do not point to Plaintiff's allegations about due process and takings to justify removal, but Louisiana law provides due process and takings protections in La. Con. Art. I, §§ 2 & 4. (There is also no basis to assert federal due process

or takings claims against a private casino and its employees.) Plaintiff was free to rely on these or other state law provisions in an effort to make out claims. There might be plausibly applicable federal laws, but Plaintiff's petition did not invoke them. For these reasons, the court should remand the case for lack of subject matter jurisdiction.

**Amendment to Delete Federal Claims**

Assuming the court had subject matter jurisdiction, the court should—in the alternative—grant Plaintiff's request to amend his petition to delete any suggestion of a federal claim. Such a post-removal stripping of federal claims does not divest the district court of subject matter jurisdiction if there was a basis for jurisdiction at the time of removal. Hook v. Morrison Milling Co., 38 F.3d 776, 780 (5th Cir. 1994). But if the court dismisses all federal claims at an early stage of the case, the general rule is to decline to exercise supplemental jurisdiction over any state law claims. Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992); Engstrom v. First National Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir. 1995). The dismissal of the federal claims usually comes after contested motion practice, but there is no reason not to follow the same policy when a plaintiff voluntarily concedes those same claims.

The requested dismissal of the federal law claims comes early in the case, and there is no compelling reason for the federal court to continue to exercise jurisdiction over purely state law claims. The court should remand them to the state court where Plaintiff may seek their resolution. Engstrom, 47 F.3d at 1465 (affirming remand of state law claims when court declined to exercise supplemental jurisdiction over them in a removed case); Noble v. White, 996 F.2d 797, 800 (5th Cir. 1993) (same).

Accordingly,

**IT IS RECOMMENDED** that this civil action be **remanded**, for lack of subject matter jurisdiction, to the 26th Judicial District Court, Bossier Parish, Louisiana, where it was pending as Suit No. 153,835-C.

**IT IS RECOMMENDED, IN THE ALTERNATIVE**, that the court grant Plaintiff's request to amend his complaint to remove all federal law claims, decline to exercise supplemental jurisdiction over the remaining state law claims, and remand those state law claims.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of February, 2018.

Mark L. Hornsby
U.S. Magistrate Judge